**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LUIS GONZALEZ, ELAINE GUZMAN,
GUSTAVO LOPEZ, WILFREDO O'NEILL
and ANGEL ORTIZ,

                    **Plaintiffs,**

-vs-                                    **Case No. 6:09-cv-575-Orl-28GJK**

CANAL MANAGEMENT, INC.,

                      **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 43)** |
| **FILED:** | February 26, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 43.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[2] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[3] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 Fed.Appx. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method are unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 14, 16, 18, 22, 26. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiffs' claims in exchange for a release of all claims in a total sum of $3,750.00, broken down as follows:

1. Luis Gonzalez - $750.00 (originally claimed damages of $2,160.00);
2. Elaine Guzman - $500.00 (originally claimed damages of $2,160.00);
3. Gustavo Lopez - $750.00 (originally claimed damages of $1,080.00);

---

[2] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[3] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

4. Wilfredo Colon - $1,000.00 (originally claimed damages of $2,880.00); and

5. Angel Ortiz - $750.00 (originally claimed damages of $2,250.00).

Doc. No. 43 at 2. The Plaintiffs compromised their claims in order to avoid "uncertainties of litigation" and excess attorneys' fees. *Id.* at. 3. Three of the Plaintiffs have moved out of the state of Florida and they state "the economics of continuing the litigation outweigh any benefit they may receive." *Id.* In light of the foregoing, it is recommended that the Court find the proposed compromise of Plaintiffs' claims is fair and reasonable.

Plaintiff's counsel, K.E. Pantas, Esq., filed a detailed time sheet showing the total amount of time spent on the case and the individual who performed each task. That information is summarized below:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
| --- | --- | --- | --- |
| K.E. Pantas | 16.8 | $300.00 | $ 5,040.00 |
| L. Todd Budgen | 1.5 | $300.00 | $   450.00 |
| Jon Rankin | 3.7 | $105.00 | $   388.50 |
| Becki Rodak | 3.4 | $ 95.00 | $   323.00 |
| Quenia Herrera | 6.2 | $ 95.00 | $   589.00 |
| **TOTAL** | | | **$ 6,790.50** |

Doc. No. 44-1 at 4. After reviewing the time sheet, the undersigned recommends that the amount of time expended on the case was reasonable. This Court has previously awarded Mr. Pantas an hourly rate of $300.00 per hour. *Conklin v. G&H Pest Control, Inc.*, Case No. 6:08-cv-1486-35GJK (M.D. Fla. May 6, 2009). Thus, the undersigned recommends that the Court find that the rate requested for Mr. Pantas is reasonable. The Motion does not provide any authority for Mr. Budgen's hourly rate of $300.00. *Id.*[4] However, as set forth below, Plaintiffs are requesting

---

[4] The Motion states:
> L. Todd Budgen has been a member of the Florida Bar since 2000. Doc. No. 44-1. He has filed and handled over 730 cases before the Federal District and Federal Bankruptcy Courts. His

5

a discounted award of attorneys' fees and costs, and the Court finds the total fees requested are reasonable. Paralegal Jon D. Rankin has previously been awarded an hourly rate of $105.00 per hour. *Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771 (M.D. Fla. Mar. 20, 2007). The remaining paralegals, Becki Rodak and Quenia Herrera seek $95.00 per hour, which this Court has found is a reasonable rate for paralegal services. *Mavis Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007).

Plaintiff seeks the following costs:

| Filing Fee | $ 350.00 |
|---|---|
| Service of Process | $ 50.00 |
| **TOTAL** | **$ 400.00** |

Doc. No. 44-1 at 4. The costs claimed are reasonable. Thus, the total amount of attorneys' fees and costs incurred is $7,190.50 ($6790.50 + 400). *Id.* However, the Agreement provides for discounted fees and costs totaling $6,396.25. Accordingly, the undersigned recommends that the Court find the total fees and costs requested are reasonable.

In conclusion, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice to be fair and reasonable. Accordingly, it is recommended that:

1. The Motion (Doc. No. 43) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The case be dismissed with prejudice and direct the Clerk to close the case.

---

experience includes State and Federal court appearances, including several trials before each and several reported decisions.
Doc. No. 44-1 at 2.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 8, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record